**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Jose Antonio Perez Ventura,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**David Wesling, et al.,**<br><br>**Respondents.** | **Civil Action No.**<br>**26-14753-NMG** |

**ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Jose Antonio Perez Ventura ("petitioner"). He contends that David Wesling and the other named respondents ("respondents") have detained him in violation of his rights under the Fifth Amendment to the United States Constitution. He seeks an order of this Court directing the government either to release him or to afford him a bond hearing pursuant to 8 U.S.C. §1226(a). Petitioner avers that he requested a bond hearing upon his arrest.

Respondents agree that petitioner is in custody pursuant to § 1226(a) and is therefore entitled to a bond hearing under that statutory provision. They nonetheless contend that the petition should be denied for failure to exhaust administrative remedies. In their view, petitioner has not provided documentation, such

as a receipt of filing, to show that he requested a hearing before the Executive Office for Immigration Review ("EOIR"). In support, respondents state that, as of October 21, 2026, counsel for the EOIR has "relayed" that the agency has no record of petitioner requesting a bond hearing.

Here, petitioner avers that he requested a bond hearing upon his arrest, which is the sole administrative remedy respondents contend he failed to exhaust. In these circumstances, the Court will not deny the petition on exhaustion grounds. That the EOIR has no record of petitioner's request bears upon the handling of the request by the government, not to petitioner's diligence. Furthermore, respondents cite no authority requiring a detainee to produce a filing receipt in order to establish that he requested a hearing.

Accordingly, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**. The Court directs that petitioner be released unless, within seven days of the date of this order, he is afforded a bond hearing that complies with the standards set forth in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021).

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 30, 2026